## No. 504.

### JACOB HOSS *v.* J. G. McWILLIAMS, Executor.

The plaintiff in injunction, Mrs. Murphy, sets up, among other grounds, that she has an interest and ownership in the lots ordered to be seized and sold, superior to the mortgage of Hoss, the plaintiff in execution—which mortgage was granted to Hoss by her husband, now deceased, to guarantee the payment of two promissory notes, and which she alleges to be a fraud upon her rights and void. She further alleges that she has a claim against the succession of her husband for rents and revenues which were under his control and administration, and which were received and converted by him to his own use; that being a party in interest, she was entitled to notice in the executory proceeding, which was not given to her, but only to McWilliams, the executor of her husband. She further avers nullity of the proceeding on the ground of want of jurisdiction in the district court that rendered the order of seizure—the succession being now under administration in the parish court, and was so at the time the order of seizure was granted;

Held—That the grounds urged by the plaintiff in injunction do not authorize the injunction. The district court had jurisdiction to issue the executory process, and the rights asserted by the wife are not such as to justify the injoining of the sale of the husband's property, or property of the community. If she has real rights upon such property, they can be enforced upon the proceeds. If her rights are merely usufructuary, they will not be affected by the sale injoined, as it is only the naked ownership of the property that is sought to be sold.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney*, J. *Egan & Wise*, for plaintiff and appellant. *Nutt & Leonard*, for J. G. McWilliams, defendant. *A. W. O. Hicks*, for Mrs. Murphy, plaintiff in injunction and appellee.

HOWELL, J. The facts presented in this case seem to be, that the wife of one Hugh Murphy sued her husband in the district court of the parish of Caddo, for separation from bed and board and for paraphernal funds which had gone into his hands. This suit was compromised by the parties in March, 1870, and the husband transferred to the wife during her life time by act in form of a donation, the usufruct, or one-half the rents and revenues of all the property, separate and common, in the parish of Caddo owned by him, and he covenanted by that act not to alienate or encumber the property. The conveyance was duly recorded and the wife dismissed her suit. Subsequently, Murphy gave two notes to Hoss the defendant in injunction, and plaintiff in the executory proceeding, and secured the payment of the notes by a mortgage on two lots in the city of Shreveport, community property between himself and wife. Hoss was proceeding to have the lots sold under his mortgage and Mrs. Murphy injoined.

The order of seizure and sale was taken out after the death of Murphy without notice to the widow in community, but with notice to McWilliams the executor of Hugh Murphy, deceased.

The plaintiff in injunction sets up among other grounds, that she has an interest and ownership in the lots ordered to be seized and sold superior to the mortgage of Hoss, which she alleges is a fraud upon her rights and null; that she has a claim against the succession of

her husband for rents and revenues which were under his control and administration and which were received and converted by him to his own use; that being a party in interest, she was entitled to notice in the executory proceeding which was not given. She avers nullity of the proceeding on the ground of want of jurisdiction in the district court that rendered the order of seizure, the succession being now under administration in the parish court and was so at the time the order of seizure was granted. The district judge was of the opinion that he was without jurisdiction on the ground that the case is not of that class in which an executor or an administrator refuses to pay or acknowledge a claim against a succession or resist payment of a debt against an estate, but a case in which the executor joins the creditor in the assertion of a legal, undisputed right. The judge rendered a decree perpetuating the injunction.

We think the judge erred. The grounds urged by the plaintiff in injunction do not authorize the injunction. The district court had jurisdiction to issue the executory process, and the rights asserted by the wife are not such as to injoin the sale of the husband's property or property of the community. If she has real rights upon such property, they can be enforced upon the proceeds. If her rights are merely usufructuary, they will not be affected by the sale injoined, as it is only the naked ownership of the property that is sought to be sold.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be dissolved with ten per cent. on the amount injoined as damages and costs in both courts.